**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAVID YURMAN ENTERPRISES LLC and DAVID YURMAN IP LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE TJX COMPANIES, INC. and DOES 1-10,<br><br>*Defendants*. | Civil Action No.: 26-cv-01151<br><br>**JURY TRIAL DEMANDED** |

**ANSWER**

Defendant The TJX Companies, Inc. ("TJX" or "Defendant"), for its Answer to the Complaint of Plaintiffs David Yurman Enterprises LLC and David Yurman IP LLC (together, "Yurman" or "Plaintiffs"), by and through its counsel, alleges as follows:

**NATURE OF THE ACTION**

1. Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 1 of the Complaint and therefore denies the allegations set forth in Paragraph 1 of the Complaint.

2. Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 2 of the Complaint and therefore denies the allegations set forth in Paragraph 2 of the Complaint.

3. Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 3 of the Complaint and therefore denies the allegations set forth in Paragraph 3 of the Complaint.

4. Defendant denies the allegations set forth in Paragraph 4 of the Complaint, except admits that Defendant operates, directly or through its subsidiaries, the T.J. Maxx and Marshalls

off-price retailers, which for decades have offered consumers great value on an ever-changing selection of high quality, fashionable, brand name and designer merchandise at lower prices as compared to the regular retail prices at full-price retailers such as department, specialty, and major online retailers, and further admits that certain of Defendant's brick-and-mortar locations have from time to time displayed signage that reads "same hot labels seen at the mall. but never at our prices," including in areas where jewelry is displayed.

5. Defendant denies the allegations set forth in Paragraph 5 of the Complaint, except denies knowledge or information as to the content and origin of Exhibit A as referenced in the second sentence of Paragraph 5 of the Complaint and therefore denies the allegations concerning Exhibit A set forth in Paragraph 5 of the Complaint, and states that the allegations set forth in the last sentence of Paragraph 5 of the Complaint are conclusions of law to which no response is required, but to the extent any response is required, Defendant denies the allegations set forth in the last sentence of Paragraph 5 of the Complaint.

6. Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 6 of the Complaint and therefore denies the allegations set forth in Paragraph 6 of the Complaint, and denies knowledge or information as to the content and origin of Exhibit B as referenced in the second sentence of Paragraph 6 of the Complaint and therefore denies the allegations concerning Exhibit B set forth in Paragraph 6 of the Complaint.

7. Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 7 of the Complaint and therefore denies the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant denies the allegations set forth in Paragraph 8 of the Complaint, except denies knowledge or information as to the content and origin of the articles cited in Footnote 1 as referenced in the last sentence of Paragraph 8 of the Complaint and therefore denies the allegations concerning the articles cited in Footnote 1 set forth in Paragraph 8 of the Complaint.

9. Defendant denies the allegations set forth in Paragraph 9 of the Complaint, except denies knowledge or information as to the content and origin of Exhibit B as referenced in Paragraph 9 of the Complaint and therefore denies the allegations concerning Exhibit B set forth in Paragraph 9 of the Complaint.

10. Defendant states that the allegations set forth in Paragraph 10 of the Complaint are conclusions of law to which no response is required, but to the extent any response is required, Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant states that the allegations set forth in Paragraph 11 of the Complaint are conclusions of law to which no response is required, but to the extent any response is required, Defendant admits that the Complaint purports to seek various forms of relief, including monetary damages.

## JURISDICTION AND VENUE

12. Defendant states that the allegations set forth in Paragraph 12 of the Complaint are conclusions of law to which no response is required, but to the extent any response is required, admits that the Complaint purports to allege various grounds for subject matter jurisdiction.

13. Defendant states that the allegations set forth in Paragraph 13 of the Complaint are conclusions of law to which no response is required, but to the extent any response is required, admits that Defendant operates various brick-and-mortar retail stores in this District, either directly or through its subsidiaries.

14. Defendant states that the allegations set forth in Paragraph 14 of the Complaint are conclusions of law to which no response is required, but to the extent any response is required, admits that the Complaint purports to allege various grounds for venue in this District.

## THE PARTIES

15. Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 15 of the Complaint and therefore denies the allegations set forth in Paragraph 15 of the Complaint.

16. Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 16 of the Complaint and therefore denies the allegations set forth in Paragraph 16 of the Complaint.

17. Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 17 of the Complaint and therefore denies the allegations set forth in Paragraph 17 of the Complaint.

18. Defendant denies the allegations set forth in Paragraph 18 of the Complaint, except admits that it is a Delaware corporation and that it has offices located at 770 Cochituate Road, Framingham, MA 01701, further admit that it offers for sale and sells various products in this District, either directly or through its subsidiaries, and denies knowledge or information as to the content and origin of Exhibit A as referenced in the second sentence of Paragraph 18 of the Complaint and therefore denies the allegations concerning Exhibit A set forth in Paragraph 18 of the Complaint.

19. Defendant states that the allegations set forth in Paragraph 19 of the Complaint are conclusions of law to which no response is required, but to the extent any response is required, Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 19 of the Complaint and therefore denies the allegations set forth in Paragraph 19 of the Complaint.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

20. Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 20 of the Complaint and therefore denies the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 21 of the Complaint and therefore denies the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 22 of the Complaint and therefore denies the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 23 of the Complaint and therefore denies the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 24 of the Complaint and therefore denies the allegations set forth in Paragraph 24 of the Complaint, and denies knowledge or information as to the content and origin of the articles cited in Footnotes 2-5 as referenced in Paragraph 24 of the Complaint and therefore denies the allegations concerning the articles cited in Footnotes 2-5 set forth in Paragraph 24 of the Complaint.

25. Defendant states that the allegations set forth in Paragraph 25 of the Complaint are conclusions of law to which no response is required, but to the extent any response is required, Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 25 of the Complaint and therefore denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant states that the allegations set forth in Paragraph 26 of the Complaint are conclusions of law to which no response is required, but to the extent any response is required, Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 26 of the Complaint and therefore denies the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant states that the allegations set forth in Paragraph 27 of the Complaint are conclusions of law to which no response is required, but to the extent any response is required, Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 27 of the Complaint and therefore denies the allegations set forth in Paragraph 27 of the Complaint, and denies knowledge or information as to the content and origin of Exhibit C as referenced in Paragraph 27 of the Complaint and therefore denies the allegations concerning Exhibit C set forth in Paragraph 27 of the Complaint.

28. Defendant states that the allegations set forth in Paragraph 28 of the Complaint are conclusions of law to which no response is required, but to the extent any response is required, Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 28 of the Complaint and therefore denies the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of the Complaint, except admits that it operates various brick-and-mortar retail stores, either directly or through its subsidiaries, and further admits that for decades it has offered consumers great value on an ever-changing selection of high quality, fashionable, brand name and designer merchandise, including but not limited to apparel, accessories, jewelry, housewares, and health and beauty products, at lower prices as compared to full-price retailers such as department, specialty, and major online retailers regular prices.

31. Defendant admits the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint, except admits that, as stated on its website, "the majority of products [it] sell[s] are high quality, fashionable, brand name, and designer merchandise generally sold at prices 20%-60% less than full-price retailers' regular prices on comparable merchandise," and further admit that it "take[s] advantage of a wide variety of opportunities, which can include department store cancellations, a manufacturer making up too much product, or a closeout deal when a vendor wants to clear merchandise at the end of a season, as well as lots of other ways to bring [its] customers great value."

33. Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 33 of the Complaint and therefore denies the allegations set forth in Paragraph 33 of the Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of the Complaint, except denies knowledge or information as to the content and origin of the chart referenced in Paragraph 35 of the Complaint and therefore denies the allegations concerning Exhibit 35 of the Complaint except admits that it has sold items resembling those shown in the left column of the chart in Paragraph 35 of the Complaint.

36. Defendant states that the allegations set forth in Paragraph 36 of the Complaint are conclusions of law to which no response is required, but to the extent any response is required, Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in the first sentence of Paragraph 37 of the Complaint, denies knowledge or information sufficient to admit or deny the allegations set forth in the second sentence of Paragraph 37 of the Complaint and therefore denies the

allegations set forth in the second sentence of Paragraph 37 of the Complaint, and denies knowledge or information as to the content and origin of Exhibit B as referenced in Paragraph 37 of the Complaint and therefore denies the allegations concerning Exhibit B set forth in Paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in the first phrase of Paragraph 38 of the Complaint, and denies knowledge or information sufficient to admit or deny the allegations set forth in the second phrase of Paragraph 38 of the Complaint and therefore denies the allegations set forth in the second phrase of Paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of the Complaint, except admit that Defendant is generally aware of the DAVID YURMAN brand.

40. Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

41. Defendant denies the allegations set forth in Paragraph 41 of the Complaint, except admit that on or about August 18, 2025, Plaintiffs sent TJX a letter regarding some of the items set forth in Exhibit A to the Complaint, further admit that thereafter TJX and Yurman engaged in an exchange of correspondence, and state that Yurman failed to respond to TJX's letter dated October 2, 2025, and did not subsequently communicate with TJX prior to filing its Complaint.

42. Defendant denies the allegations set forth in Paragraph 42 of the Complaint, except admit that it did not communicate with Yurman about the products shown in Exhibit A to the Complaint prior to offering any items resembling those products for sale.

43. Defendant states that the allegations set forth in Paragraph 43 of the Complaint are conclusions of law to which no response is required, but to the extent any response is required, Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

44. Defendant states that the allegations set forth in Paragraph 44 of the Complaint are conclusions of law to which no response is required, but to the extent any response is required, Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

## FIRST CLAIM FOR RELIEF

45. Defendant repeats, realleges and incorporates by reference all of its responses to the foregoing allegations as if fully set forth herein.

46. Defendant states that the allegations set forth in Paragraph 46 of the Complaint are conclusions of law to which no response is required, but to the extent any response is required, Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 46 of the Complaint and therefore denies the allegations set forth in Paragraph 46 of the Complaint.

47. Defendant states that the allegations set forth in Paragraph 47 of the Complaint are conclusions of law to which no response is required, but to the extent any response is required, Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 47 of the Complaint and therefore denies the allegations set forth in Paragraph 47 of the Complaint.

48. Defendant states that the allegations set forth in Paragraph 48 of the Complaint are conclusions of law to which no response is required, but to the extent any response is required, Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 48 of the Complaint and therefore denies the allegations set forth in Paragraph 48 of the Complaint, and denies knowledge or information as to the content and origin of Exhibit C as referenced in Paragraph 48 of the Complaint and therefore denies the allegations concerning Exhibit C set forth in Paragraph 48 of the Complaint.

49. Defendant states that the allegations set forth in Paragraph 49 of the Complaint are conclusions of law to which no response is required, but to the extent any response is required, Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 49 of the Complaint and therefore denies the allegations set forth in Paragraph 49 of the Complaint.

50. Defendant states that the allegations set forth in Paragraph 50 of the Complaint are conclusions of law to which no response is required, but to the extent any response is required, Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 50 of the Complaint and therefore denies the allegations set forth in Paragraph 50 of the Complaint.

51. Defendant states that the allegations set forth in Paragraph 51 of the Complaint are conclusions of law to which no response is required, but to the extent any response is required, Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

52. Defendant states that the allegations set forth in Paragraph 52 of the Complaint are conclusions of law to which no response is required, but to the extent any response is required, Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

53. Defendant states that the allegations set forth in Paragraph 53 of the Complaint are conclusions of law to which no response is required, but to the extent any response is required, Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

54. Defendant states that the allegations set forth in Paragraph 54 of the Complaint are conclusions of law to which no response is required, but to the extent any response is required, Defendant denies the allegations set forth in Paragraph 54 of the Complaint.

55. Defendant states that the allegations set forth in Paragraph 55 of the Complaint are conclusions of law to which no response is required, but to the extent any response is required, Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

**PRAYER FOR RELIEF**

56. Defendant states that the allegations set forth in the Prayer for Relief are conclusions of law to which no response is required, but to the extent any response is required, Defendant denies that Yurman is entitled to any relief in this action.

**JURY DEMAND**

57. Defendant states that the allegations set forth in the Jury Demand are conclusions of law to which no response is required, but to the extent any response is required, Defendant demands a jury in this action.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendant's products are not substantially similar to any works of Yurman, or elements of such works, that are protected by copyright. Thus, Yurman's claims are barred, in whole or in part, by the doctrine of *de minimis* use.

**THIRD AFFIRMATIVE DEFENSE**

One or more third parties are liable for the conduct alleged and will be required to answer and indemnify.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant's conduct was innocent, non-infringing, and not a willful infringement of

copyright.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because critical parts or portions of their alleged protected copyrights are invalid due to consisting of un-protectable idea(s) or processes.

**SIXTH AFFIRMATIVE DEFENSE**

This action is barred by the merger doctrine.

Dated: April 20, 2026

Respectfully submitted,

By: /s/ *Claudia Ray*
Claudia Ray

KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800
claudia.ray@kirkland.com

*Attorneys for Defendant*
THE TJX COMPANIES, INC.