**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAVID YURMAN ENTERPRISES LLC and DAVID YURMAN IP LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE TJX COMPANIES, INC. and DOES 1-10,<br><br>Defendants. | 26-CV-1151 (GHW) (BCM)<br><br>~~[PROPOSED]~~ **AMENDED CASE MANAGEMENT ORDER** |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 11/10/26

**BARBARA MOSES, United States Magistrate Judge.**

After consultation with the parties, the Court adopts the following amended case management and scheduling order pursuant to Fed. R. Civ. P. 16:

1. Joinder and Amendment. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties must be made pursuant to Fed. R. Civ. P. 15(a)(2) and will be subject to the "good cause" standard in Fed. R. Civ. P. 16(b)(4).

2. Automatic Disclosures. The parties must exchange the disclosures required by Fed. R. Civ. P. 26(a)(1) no later than **June 5, 2026**.

3. Written Discovery. The parties must serve their initial requests for production of documents and any initial interrogatories (in compliance with Local Rule 33.3(a)) no later than **June 10, 2026**.

4. Depositions and Additional Fact Discovery. All remaining fact discovery, including depositions, must be completed no later than **March 31, 2027**.

5. Expert Discovery. Disclosure of expert evidence, including the identities and written reports of experts, as required by Fed. R. Civ. P. 26(a)(2)(A), (B), or (C), must be made no later than **April 30, 2027**. The disclosure of expert evidence intended solely to contradict or rebut expert evidence on the same subject matter disclosed by the opposing party must be made no later than **May 31, 2027**. Depositions of experts must be completed no later than **July 6, 2027**.

6. Close of Discovery. All discovery must be completed no later than **July 6, 2027**.

7. Protective Order. The parties must submit their proposed protective order no later

than **June 12, 2026**.

8. <u>Discovery of ESI</u>. If they have not already done so, counsel are hereby directed to confer with one another by telephone or in person **within two weeks of the date of this Order** regarding potential information (ESI). An exchange of letters or emails is not sufficient. Counsel must discuss, among other things, sources of relevant ESI; steps taken or to be taken to preserve relevant ESI; identification of appropriate custodians; ESI search and review procedures; form of production of ESI; any limitations or anticipated difficulties regarding discovery or production of ESI; cost estimates; and proposals for containing or sharing costs

9. <u>Timely Discovery</u>. Discovery requests and notices must be served in time to allow the person served to respond, on the schedule set forth in the Federal Rules of Civil Procedure, prior to the completion date for such discovery set forth above. Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices. Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

10. <u>Status Conference</u>. Judge Moses will conduct a status conference on **January 20, 2027** ~~**January [20], 2026**~~**, at 10:00 a.m.** No later than **January 13, 2027**, the parties must submit a joint status letter outlining the progress of discovery to date, as well as any settlement efforts. If no discovery controversies exist at that time, the parties may request that the conference be held telephonically.

11. <u>Conferences and Hearings</u>. All court conferences, hearings, and other proceedings will be held in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, unless the Court orders otherwise. If a proceeding takes place via teleconference, the parties must call **(855) 244-8681** on their scheduled date, a few minutes before their scheduled time, and enter the access code **2314 181 4376#**. Please treat the teleconference as you would treat a public court appearance. If a conference or hearing in another matter is ongoing, please be silent (mute your line) until your case is called. If the proceeding takes place via videoconference, chambers will email the appropriate link to counsel in advance of the proceeding.

12. <u>Remote Depositions</u>. In accordance with Fed. R. Civ. P. 30(b)(4), the Court authorizes the parties to conduct any or all depositions in this action via telephone, videoconference, or other remote means, pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4). This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (e.g., telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

13. Summary Judgment. Summary judgment motions, if any (or, pre-motion conference letters with respect to summary judgment) must be filed no later than **30 days after the close of discovery**. Summary judgment motion papers must conform to Judge Moses's individual practices.

14. Joint Pretrial Order. The parties' proposed joint pretrial order must be filed no later than **30 days after the close of discovery**, unless there are pre-motion conference letters with respect to summary judgment, or summary judgment motion(s), in which case the joint pretrial order must be filed no later than **30 days after the decision on the motion(s)**. The proposed joint pretrial order must conform to the individual practices of the district judge.

15. Trial. The parties have stated that the anticipated length of trial is 5-10 days. Plaintiff has requested a jury trial.

16. Extensions and Adjournments. Any application for extension or adjournment of the time limits, deadlines or conferences set forth above must be made by letter-motion, in accordance with this Court's Individual Practices, as soon as the need for the extension or adjournment is reasonably apparent to the party making the application. **Applications made after the expiration of the deadline in question may be summarily denied**.

17. Discovery Applications. Discovery disputes that cannot be resolved after good-faith negotiations may be presented by letter-motion, seeking a discovery conference, in accordance with Local Civil Rule 37.2 and this Court's Individual Practices. Such applications must be made promptly after the need for court intervention arises, but in no event before the parties have met and conferred, in person or via telephone, with respect to all issues in dispute. An exchange of letters or emails is not sufficient. It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless the Court determines that more formal briefing is required.

18. Fed. R. Evid. 502(d) Order. The disclosure of documents or information (electronic or otherwise) subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity from production shall not operate as a waiver of that privilege or immunity in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection permitted by Fed. R. Evid. 502(d).

Dated: New York, New York
November 10, 2026

In light of the length of the extensions in this amended schedule, no further extensions of the discovery deadlines will be granted absent compelling circumstances.

The Clerk of Court is respectfully directed to close the motion at Dkt. 24.

**BARBARA MOSES**
**United States Magistrate Judge**